IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  20-cv-02496-MEH

CHRISTOPHER JONES,

       Plaintiff,

       v.

LEXISNEXIS RISK SOLUTIONS INC.

       Defendant.

**DEFENDANT LEXISNEXIS RISK SOLUTIONS INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant LexisNexis Risk Solutions Inc. ("LNRS"), by and through undersigned counsel, submits the following Answer to Plaintiff's Complaint.  LNRS denies all allegations in Plaintiff's Complaint that it does not explicitly admit.  LNRS responds to the specific numbered paragraphs in the Complaint as follows:

1.    LNRS denies the allegations in paragraph 1 of Plaintiff's Complaint for lack of knowledge sufficient to form a belief regarding the truth of the matters alleged.

2.    LNRS admits that it is a Georgia corporation and is located at 1000 Alderman Drive, Alpharetta, GA 30005.

3.    No answer is necessary to paragraph 3 of Plaintiff's Complaint because it only contains legal conclusions.  To the extent that the allegations in paragraph 3 are contrary to law, they are denied.

4. No answer is necessary to paragraph 4 of Plaintiff's Complaint because it only contains legal conclusions. To the extent that the allegations in paragraph 4 are contrary to law, they are denied.

5. LNRS denies the allegations in paragraph 5 of Plaintiff's Complaint.

6. LNRS denies the allegations in paragraph 6 of Plaintiff's Complaint.

7. LNRS denies the allegations in paragraph 7 of Plaintiff's Complaint.

8. LNRS denies the allegations in paragraph 8 of Plaintiff's Complaint.

9. LNRS denies the allegations in paragraph 9 of Plaintiff's Complaint.

10. LNRS denies the allegations in paragraph 10 of Plaintiff's Complaint.

11. LNRS denies the allegations in paragraph 11 of Plaintiff's Complaint.

12. LNRS denies the allegations in paragraph 12 of Plaintiff's Complaint.

13. LNRS denies that it received Plaintiff's letter, dated April 6, 2020. LNRS accordingly denies the remaining allegations in paragraph 13 of Plaintiff's Complaint.

## **CLAIM I**

14. LNRS denies the allegations in paragraph 14 of Plaintiff's Complaint.

   a. LNRS denies the allegations in paragraph 14(a) of Plaintiff's Complaint.

   b. LNRS denies the allegations in paragraph 14(b) of Plaintiff's Complaint.

   c. LNRS denies the allegations in paragraph 14(c) of Plaintiff's Complaint.

   d. LNRS denies the allegations in paragraph 14(d) of Plaintiff's Complaint.

15. LNRS denies the allegations in paragraph 15 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

LNRS denies that Plaintiff is entitled to any of the relief requested by Plaintiff in his Prayer for Relief following paragraph 15 of Plaintiff's Complaint.

LNRS denies all the remaining allegations in Plaintiff's Complaint to the extent not expressly admitted above, and otherwise denies that it is liable to Plaintiff for any of the requests for relief set forth in Plaintiff's Complaint.

## ADDITIONAL DEFENSES

Without admitting any of the allegations in Plaintiff's Complaint, and without admitting or acknowledging that LNRS bears the burden of proof as to any of them, LNRS asserts the following additional defenses. LNRS intends to rely on any other defenses that become available or apparent during pretrial proceedings and discovery in this action and reserves the right to assert all such defenses, including but not limited to those listed in Federal Rule of Civil Procedure 8(c).

## FIRST ADDITIONAL DEFENSE

Plaintiff's Complaint fails to the extent that it does not state a claim upon which the Court may grant relief.

## SECOND ADDITIONAL DEFENSE

Plaintiff's Complaint fails to the extent that Plaintiff lacks standing or has not taken action necessary to recover under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA").

## THIRD ADDITIONAL DEFENSE

Any recovery Plaintiff receives is subject to a set off if any damages are awarded against LNRS, in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged damages. LNRS is also entitled to have any damages that may be awarded to

Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

## FOURTH ADDITIONAL DEFENSE

Plaintiff's alleged damages, if any, are the result of the acts, errors, and omissions of third parties not controlled by LNRS, and those third parties were the sole cause of any such damages.

## FIFTH ADDITIONAL DEFENSE

Plaintiff's alleged damages, if any, are not compensable to the extent they are speculative or uncertain.

## SIXTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, by lack of injury or damages, whether actual, presumed, or otherwise.

## SEVENTH ADDITIONAL DEFENSE

Plaintiff's alleged damages, if any, are the result of Plaintiff's own acts, errors, and omissions, which were the sole cause of any such damages.

## EIGHTH ADDITIONAL DEFENSE

Plaintiff's Complaint fails to allege facts sufficient to merit a recovery of actual damages, statutory damages, punitive damages, interest, attorney's fees, costs, or any other relief.

## NINTH ADDITIONAL DEFENSE

Plaintiff failed to take reasonable steps to prevent damages, if any, and failed to mitigate any such alleged damages.

### TENTH ADDITIONAL DEFENSE

Plaintiff's claims fail to the extent information at issue constitutes credit header information that is not governed by the FCRA.

### ELEVENTH ADDITIONAL DEFENSE

Plaintiff's claims fail to the extent that LNRS reasonably relied on the public records, including the bankruptcy information, available at the courthouse during the relevant timeframe.

### TWELFTH ADDITIONAL DEFENSE

LNRS reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, LNRS requests this Court to enter a judgment:

1. denying Plaintiff any and all relief in this case;

2. dismissing Plaintiff's claim in its entirety;

3. dismissing this case with prejudice;

4. awarding LNRS its costs and attorneys' fees incurred in this case; and

5. granting LNRS all other remedies that the Court deems just and proper.

Dated:  September  9, 2020

*/s/ Scott F. Llewellyn*
Scott F. Llewellyn
Atty Reg. # 34821
Morrison & Foerster LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
Telephone:  (303) 592-1500
Facsimile:  (303) 592-1510
Email:  sllewellyn@mofo.com
*Counsel for Defendant LexisNexis Risk Solutions Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of September, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email address:

Matthew R. Osborne
Matthew R. Osborne, P.C.
11178 Huron Street, Suite 7
Northglenn, CO 80234
Phone: (303) 759-7018
Email: matt@mrosbornelawpc.com
*Counsel for Plaintiff*

            */s/ Scott F. Llewellyn*
            Scott F. Llewellyn

            *Counsel for LexisNexis Risk Solutions Inc.*

6