**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action Number 1:20-cv-02496-MEH

Christopher Jones,
    Plaintiff,

v.

LexisNexis Risk Solutions Inc.,
    Defendant.

**PROPOSED FINAL PRETRIAL ORDER**

**1. DATE AND APPEARANCES**

The final pretrial conference was held on July 7, 2021 at 11:00 a.m. Matthew R. Osborne appeared on behalf of Plaintiff. Ronald I. Raether, Jr., appeared on behalf of Defendant.

**2. JURISDICTION**

The Court has jurisdiction to hear Plaintiff's federal claims under 28 U.S.C. § 1331.

**3. STATEMENT OF CLAIMS AND DEFENSES**

*Plaintiff:* Defendant has mixed Plaintiff's credit file with other individual(s). Plaintiff discovered the mixed file in Feb. 2020, when he was turned down for a cell phone at T-Mobile. Plaintiff ordered a copy of his Lexis credit file, and saw a host of inaccurate information. In early April 2020, Plaintiff disputed the inaccurate information above with Defendant via certified mail,

highlighting all of the inaccurate information. Defendant received Plaintiff's dispute letter on April 6, 2020 at 11:52am. To date, Defendant has not responded to Plaintiff's April 2020 dispute letter.

Defendant negligently and willfully violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to ensure maximum possible accuracy of the information in Plaintiffs' consumer reports, 15 U.S.C. § 1681i by failing to conduct a reasonable re-investigation, 15 U.S.C. § 1681g by failing to provide Plaintiff with an updated credit file, and 15 U.S.C. § 1681b by selling Plaintiff's consumer reports to third parties who intended to order a report on a different Christopher Jones. Defendant's violations of the FCRA have caused Plaintiffs actual damages, including, embarrassment, emotional distress, and inconvenience.

*Defendant:* Plaintiff largely failed to conduct discovery in this case. Based on the minimal evidence admissible in this matter, therefore, Plaintiff's claims fail as a matter of law. As detailed in Defendant's motion for summary judgment, ECF No. 24, Plaintiff cannot establish that he suffered compensable damages – he did not. Absent this essential element of his negligence claim, judgment for Defendant is appropriate as a matter of law.

At trial, Defendant will show that, apart from his own testimony, Plaintiff has no evidence to support any of his allegations. Throughout months of discovery, and notwithstanding his burden of proof, Plaintiff chose not to depose a single witness or retain an expert. Even so, Defendant will explain in detail the reasonable procedures it used to prepare Plaintiff's consumer report, which complied with 15 U.S.C. § 1681e(b). The FCRA is not a strict liability statute and, even assuming, *arguendo,* that Defendant prepared Plaintiff's consumer report, and that the report contained inaccurate information, Plaintiff cannot prove an inaccuracy stemmed from Defendant's

failure to follow reasonable procedures to assure maximum possible accuracy. Although Plaintiff issued subpoenas to various third parties, nearly nothing is known about Plaintiff's transactions with those third parties because Plaintiff chose not to follow his subpoenas with depositions. Moreover, no third party produced a document which could possibly carry Plaintiff's burden to prove Defendant failed to follow reasonable procedures in preparing Plaintiff's consumer report. And since Plaintiff acknowledges he did not suffer any economic harm, his testimony could not convince a reasonable juror that Defendant caused him to suffer compensable emotional distress in June 2019 (the date Plaintiff alleges Carvana requested his consumer report) when Plaintiff argues that he first discovered issues with his consumer report in April 2020.

Plaintiff's claims that Defendant violated 15 U.S.C. §§ 1681i and 1681g hinge on his allegation that Defendant failed to respond to a dispute letter he allegedly mailed in April 2020, in which he requested the information in his consumer file. Defendant will establish through documentary evidence and testimony that it never received such a letter (or any other mailed correspondence) from Plaintiff. Defendant will also show that Plaintiff did not inquire about the status of his alleged dispute letter, and that his last communication with Defendant was in February 2020.

Plaintiff's allegation that Defendant violated 15 U.S.C. § 1681b when it allegedly sold his consumer report to third parties who requested information on a different Christopher Jones is based entirely on speculation and not supported by any evidence or the law. Defendant will establish that it only prepares reports for permissible purposes.

### 4. STIPULATIONS

I.   Defendant is a Georgia corporation and is located at 1000 Alderman Drive,

       Alpharetta, GA 30005.

II. Plaintiff's actual damages claim is limited to non-economic damages, *i.e.*, emotional distress.

III. Plaintiff never saw a doctor or sought medical attention for his alleged emotional distress.

IV. Plaintiff has not been denied insurance coverage.

## 5. PENDING MOTIONS

The following motions are pending:

Defendant's Motion for Summary Judgment.

## 6. WITNESSES

*Plaintiff:*

a. List the non-expert witnesses to be called by each party. List separately:

    (1) witnesses who will be present at trial: Plaintiff Christopher Jones, will testify as to all matters set forth in the pleadings and discovery.

    (2) witnesses who may be present at trial if the need arises: Any corporate representative of Defendant, whose identity is unknown to Plaintiff at this time, who appears at the trial. Expected subjects to testimony will be the company's policies and procedures on compliance with the FCRA, the company position as to what happened in this case, and all matters set forth in the pleadings and discovery responses.

    (3)  witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony:  None.

 b. List the expert witnesses to be called by each party.  List separately:

    (1)  witnesses who will be present at trial:  None.

    (2)  witnesses who may be present at trial:   None.

    (3)  witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony:  None.

*Defendant:*

 a. List the non-expert witnesses to be called by each party.  List separately:

    (1)  witnesses who will be present at trial:  Plaintiff Christopher Jones

    (2)  witnesses who may be present at trial if the need arises:  Marcia Mejia and Manish Shah of LNRS, and Paul Wahbe and any other corporate representative(s) of LNRS, whose identity is to be determined.  Mr. Shah is expected to testify about Defendant's policies and procedures for matching public records to a specific consumer.  Ms. Mejia is expected to testify that Defendant has no record of ever having received a dispute letter from Plaintiff.

    (3)  witnesses where testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony:  None.

 b. List the expert witnesses to be called by each party.  List separately:

    (1)  witnesses who will be present at trial:  None.

(2)     witnesses who may be present at trial:   None.

(3)     witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony:  None.

## 7.  EXHIBITS

(1) Plaintiff:

| Exhibit Number | Name of Exhibit | Stipulated? |
| --- | --- | --- |
| 1 | 110-page highlighted Lexis Nexis report dated Feb. 21, 2021 | No |
| 2 | Letter from Defendant to Plaintiff, LNRS_CJones000002 | Yes |
| 3 | Audio recording of phone call between Plaintiff and Defendant, LNRS_CJones000001 | Yes |
| 4 | Private Note by Shawn Stewart, LNRS_CJones000107. | Yes |
| 5 | Defendant's Notes, LNRS_CJones000108-9. | Yes |
| 6 | Defendant's Policies, LNRS_CJones000110-143. | Yes |

| 7 | Carvana Business Records Affidavit pursuant to F.R.E. 902(11), plus attached credit report from Lexis Nexis. | No |
|---|---|---|
| 8 | PACER bankruptcy search results on Christopher Stephen Jones | No |
| 9 | Plaintiff's dispute letter to Defendant dated March 17, 2020 | No |
| 10 | Plaintiff's receipt from US Postal Office for dispute letter to Defendant | No |
| 11 | USPS Tracking for Plaintiff's dispute letter to Defendant | No |
| 12 | Blog written by Defendant's attorneys, dated Jan. 17, 2020, about $1 million punitive damages award in FCRA mixed file case. | No |

(2) *Defendant:*

| Exhibit Number | Name of Exhibit | Stipulated? |
|---|---|---|
| A | T-Mobile subpoena response | Yes. |
| B | Recording of phone call dated Feb. 21, 2020. LNRS_CJones000001. | Yes |
| C | Correspondence from LNRS to Plaintiff dated Feb. 6, 2020. LNRS_CJones000002-104. | Yes |
| D | Correspondence from LNRS to Plaintiff dated Feb. 21, 2020. LNRS_CJones000105-06. | Yes |
| E | LNRS internal notes. LNRS_CJones000007-09. | Yes |
| F | LNRS Data Accuracy Policy for Consumer Reports. LNRS_CJones000110-19. | Yes |
| G | LNRS FCRA-Regulated Data Source Policy. LNRS_CJones000120-30. | Yes |
| H | LNRS Risk and Business Analytics Compliance Management System Policy. LNRS_CJones000131-43. | Yes |

## 8. DISCOVERY

Discovery has been completed.

*Defendant:* Should the court deny Defendant's motion for summary judgment as to Plaintiff's negligence claim, LNRS will move to reopen discovery for the limited purpose of deposing Plaintiff with regard to items in the declaration attached to his summary judgment response which were not disclosed during the discovery period.

*Plaintiff:*  Plaintiff will object to reopening discovery to depose Plaintiff – Defendant did not depose Plaintiff during discovery, and nothing in his declaration even remotely justifies reopening discovery.

## 9.  SPECIAL ISSUES

None.

## 10.  SETTLEMENT

a.  The parties have discussed settlement.

b.  The parties do not anticipate attending a settlement conference.

c.  The parties were promptly informed of all offers of settlement.

d.  Counsel for the parties and any *pro se* party may hold future settlement conferences.

e.  It appears from the discussion by all counsel and any *pro se* party that The Parties have discussed mediation, but remain substantially apart.  The chances of settlement are, therefore, slim.  LNRS remains open to mediation should Plaintiff agree to do so without any condition regarding a minimum settlement amount.

f.  Counsel for the parties and any *pro se* party considered ADR in accordance with D.C.COLO.LCivR.16.6.

## 11.  OFFER OF JUDGMENT

Counsel and any *pro se* party acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure.  Counsel have discussed it with the clients against whom claims are made in this case.

## 12.  EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice. The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order. In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

### 13. TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

1. *Trial is to a jury,*
2. *Trial is estimated to take 3 days,*
3. *Trial will be held in Denver, CO.*
4. *The trial date will be*
5. *Jury charges, verdict forms, and proposed voir dire shall be due by.*

DATED this 7th day of July 2021.

BY THE COURT

_____
United States Magistrate Judge

APPROVED:

s/ Matthew R. Osborne
11178 Huron St., Ste 7
Northglenn, CO 80234
(303) 759-7018
matt@mrosbornelawpc.com
*Attorney for Plaintiff*

s/ Ronald I. Raether, Jr.
Ronald I. Raether, Jr.
TROUTMAN PEPPER HAMILTON SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: (949) 622-2722
Facsimile: (949) 622-2739
Email: ron.raether@troutman.com
*Attorney for Defendant*